Cite as: 592 U. S. \_\_\_\_ (2020)     1

# SUPREME COURT OF THE UNITED STATES

NATIONAL FOOTBALL LEAGUE, ET AL. *v.*
NINTH INNING, INC., ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 19–1098.   Decided November 2, 2020

The petition for a writ of certiorari is denied. JUSTICE
BARRETT took no part in the consideration or decision of
this petition.

Statement of JUSTICE KAVANAUGH respecting the denial
of certiorari.

In this antitrust case, the plaintiffs challenged the Na-
tional Football League's contract with DirecTV for the tele-
vision rights to out-of-market games. That contract has
been in place for 26 years. The District Court dismissed the
plaintiffs' suit. But the Court of Appeals reversed, holding
that the plaintiffs' complaint sufficiently alleged that the
contract may be illegal under the antitrust laws. Ordinar-
ily, a decision of such legal and economic significance might
warrant this Court's review. But the case comes to us at
the motion-to-dismiss stage, and the interlocutory posture
is a factor counseling against this Court's review at this
time. See *Abbott* v. *Veasey*, 580 U. S. \_\_\_, \_\_\_ (2017)
(ROBERTS, C. J., statement respecting denial of certiorari)
(slip op., at 2).

I write separately simply to explain that the denial of cer-
tiorari should not necessarily be viewed as agreement with
the legal analysis of the Court of Appeals.

Under the existing contract, the 32 NFL teams have au-
thorized the NFL to sell the television rights for out-of-mar-
ket games to a single buyer, DirecTV. The plaintiffs argue,
and the Court of Appeals agreed, that antitrust law may
require each team to negotiate an individualized contract

for televising only its own games.  But that conclusion appears to be in substantial tension with antitrust principles and precedents.  The NFL and its member teams operate as a joint venture.  See *Smith* v. *Pro Football, Inc.*, 593 F. 2d 1173, 1179 (CADC 1978).  And antitrust law likely does not require that the NFL and its member teams compete against each other with respect to television rights.  Cf. *American Needle, Inc.* v. *National Football League*, 560 U. S. 183, 202 (2010) ("NFL teams . . . must cooperate in the production and scheduling of games"); R. Bork, The Antitrust Paradox 278 (1978).

Moreover, the plaintiffs may not have antitrust standing to sue the NFL and the individual teams.  This Court's case law "authorizes suits by *direct* purchasers but bars suits by *indirect* purchasers."  *Apple Inc.* v. *Pepper*, 587 U. S. ___, ___ (2019) (slip op., at 5).  The plaintiffs here did not purchase a product from the NFL or any team, and may therefore be barred from bringing suit against the NFL and its teams under *Illinois Brick Co.* v. *Illinois*, 431 U. S. 720 (1977).

In sum, the defendants—the NFL, its teams, and DirecTV—have substantial arguments on the law.  If the defendants do not prevail at summary judgment or at trial, they may raise those legal arguments again in a new petition for certiorari, as appropriate.